UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

                    Plaintiff,

          -against-

MARC F. IOZZO; OGDEN LINCOLN, INC.;
WESTMONT LINCOLN, LLC,

                    Defendants.

22-CV-10888 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. He alleges that, in 2016, Defendants entered into an agreement with him for the purchase of a 2017 Ford F-150 Raptor, and they then bought the vehicle directly from the retailer without making payments to him required under their agreement.

By order dated December 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court directs Plaintiff to amend his complaint, within 30 days, to plead facts showing that the Court has subject matter jurisdiction of this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Renzer Bell brings this action seeking damages for alleged breach of contract involving an automobile purchase. He makes the following allegations: Marc Iozzo is "the President or Principal of . . . Ogden Lincoln, Inc., and Westmont Lincoln, LLC."  (ECF 2 at 2.) Plaintiff entered into a contract in which Marc Iozzo and Ogden Lincoln, Inc. (collectively "the Buyer"), agreed to purchase a 2017 Ford F-150 Raptor. The "Assignment of Contract of Sale" attached to the complaint lists Plaintiff as the Seller but states that Buyer agrees to pay the manufacturer's suggested retail price plus $3000, plus certain taxes and fees, to the car dealer – not the Seller – within two days of notification that the vehicle is available. The Buyer also agrees to remit to Plaintiff (the Seller) $1,080, that is "held in trust" for the Seller's benefit, within 48 hours of receipt of the bill of sale for the vehicle. (*Id.* at 3, ¶ 16.) The assignment provides that if the Buyer does not comply with the terms of the agreement, the Buyer will be required to pay $75,980 in "partial liquidated damages." (ECF 2-1 at 2-3.) The assignment appears to be signed by Bell and Iozzo and is dated December 22, 2016.

Also attached to the complaint is Plaintiff's letter dated January 26, 2017, in which Plaintiff states that he understands that Iozzo purchased a 2017 Ford F-150 Raptor directly from Lakeside Ford. (ECF 2-5 at 1.) Plaintiff attaches a copy of a purchase agreement, which seems to indicate that Westmont Lincoln, LLC, purchased a 2017 Ford F-150 Raptor from Lakeside

Ford.[1] Plaintiff sent letters to Iozzo, as President of Ogden Lincoln, LLC, seeking compensation. (ECF 2-5, 2-6.) Plaintiff's invoice purports to charge a total of $80,060.00, and this sum appears to rely in part on the liquidated damages clause in the assignment. (ECF 2-10.)

Plaintiff brings this action against Defendants Marc F. Iozzo, Ogden Lincoln, Inc., and Westmont Lincoln, LLC. He invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332, and seeks damages in excess of $75,000.[2]

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited. Federal jurisdiction is generally available only when a "federal question" is presented, 28 U.S.C. § 1331, or when diversity of citizenship is complete and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[A]ny party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). "If the court determines at any time that it lacks subject-

---

[1] The purchase agreement is unsigned and undated; the copy indicates that it was printed on December 22, 2016. (ECF 2-1 at 5.)

[2] By way of background, Plaintiff has filed at least a dozen similar actions in this Court. *See, e.g., Bell v. Schaeffer Buick BMW, Inc.*, No. 03-CV-10315 (PKC)(FM) (S.D.N.Y. filed Dec. 31, 2003); *Bell v. Classic Chevrolet/Buick and BMW, Inc.*, No. 04-CV-0693(PKC) (S.D.N.Y. filed Jan. 29, 2004); *Bell v. Zavell*, No. 04-CV-9733 (RWS) (S.D.N.Y. filed Dec. 10, 2004); *Bell v. Gordon*, No. 05-CV-2163 (NRB) (S.D.N.Y. filed Feb. 4, 2005); *Bell v. Stephens*, No. 05-CV-7182 (LTS) (RLE) (S.D.N.Y. filed Aug. 12, 2005); *Bell v. Hubbert*, No. 05-CV-10456 (RWS) (S.D.N.Y. filed Dec. 13, 2005); *Bell v. Gotham Process Service, Inc.*, No. 06-CV-0470 (JGK) (S.D.N.Y. filed Jan. 23, 2006); *Bell v. South Bay European Corp.*, No. 06-CV-0472 (PKC)(GWG) (S.D.N.Y. filed Jan. 23, 2006); *Bell v. Manhattan Motorcars, Inc.*, No. 06-CV-4972 (GBD) (S.D.N.Y. filed June 28, 2006); *Bell v. Carlsen Motor Cars, Inc.*, No. 06 Civ. 4974 (LBS) (DFE) (S.D.N.Y. filed June 28, 2006); *Bell v. Brace Engineering and Investment Corp.*, No. 06-CV-5742 (KMK) (S.D.N.Y. filed July 28, 2006); *Bell v. Carey*, No. 18-CV-2846 (PAE) (S.D.N.Y. 2020); *Bell v. Plante*, No. 22-CV-5232 (LTS) (S.D.N.Y.).

jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under

federal law if the complaint "establishes either that federal law creates the cause of action or that

the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting

*Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Plaintiff does not

invoke the Court's federal question jurisdiction, and his allegations for breach of contract do not

suggest any basis for the exercise of federal question jurisdiction.

### 2.    Diversity Jurisdiction

A plaintiff bears the burden of establishing that diversity jurisdiction existed at the time

the action was commenced. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). To establish

jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that his citizenship is diverse from

that of all defendants. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, a

plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the

statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network,
Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Here, Plaintiff has alleged that the amount in controversy exceeds the jurisdictional limit

because he seeks at least $80,060.00.[3] Plaintiff fails, however, to satisfy his burden of showing

---

[3] As Plaintiff was advised in *Bell v. Ramirez*, No. 13-CV-7916 (PKC), 2014 WL
7178344, at *3 (S.D.N.Y. Dec. 9, 2014), the amount in a liquidated damages provision is
enforceable only if "the amount liquidated bears a reasonable proportion to the probable loss and
the amount of actual loss is incapable or difficult of precise estimation." If not, the provision is
deemed to operate as a penalty and is unenforceable as a matter of public policy. The district
court concluded that whether a "damages clause is in fact an unenforceable penalty is an

that diversity of citizenship is complete. For purposes of diversity jurisdiction, a corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Plaintiff alleges that Defendant Ogden Lincoln, Inc. is organized under the laws of Illinois with its principal place of business in Illinois. (ECF 2 at 2, ¶ 6.)  This is sufficient to allege that Ogden Lincoln, Inc., is a citizen of Illinois.

Plaintiff fails, however, to adequately plead the citizenship of other parties. "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos*, 157 F.3d at 948. "In general, domicile has two components: (1) physical presence in a state, and (2) the intent to make the state a home." *LoCurto v. LoCurto*, 07-CV-8238, 2008 WL 4410091, at *3 (S.D.N.Y. Sept. 25, 2008).[4] Plaintiff provides a mailing address for himself in care of "c/o Rodney Finkley, 1957 Shaker Falls Lane, Lawrenceville, GA 30045."[5]

---

affirmative defense" and "affirmative 'defenses asserted on the merits' may not be used to whittle down the amount in controversy." *Id.* at *3. The district court acknowledged, however, that, in two of Bell's actions, the courts analyzed the validity of a liquidated damages clause as potentially determinative of subject matter jurisdiction. *See Bell v. Pham*, No. 09-CV-1699 (PAC) (RLE), 2012 WL 13822 (S.D.N.Y. Jan. 4, 2012); *Bell v. Ebadat*, No. 08-CV-8965 (RJS), 2009 WL 1803835 (S.D.N.Y. June 16, 2009).

[4] "Residence in a jurisdiction is a necessary, but not sufficient, factor in establishing domicile." *Hatfill v. Foster*, 415 F. Supp. 2d 353, 365 (S.D.N.Y. 2006) (emphasis added). "A mailbox is insufficient to establish domicile." *Levy v. Suissa*, No. 16-CV-2532, 2021 WL 2402240, at *4 (E.D.N.Y. Mar. 19, 2021), *R & R adopted*, 2021 WL 2401011 (E.D.N.Y. June 11, 2021). Plaintiff alleges that Defendant Mark Iozzo is "an Illinois resident residing in Westmont, Illinois." (ECF 2 at 2, ¶ 5.)  Plaintiff can be understood as alleging that Iozzo is domiciled in Illinois, which would be sufficient to show citizenship in Illinois, but should clarify this in his amended complaint.

[5] Plaintiff lists his address in Florida (5736 Cleveland Road Jacksonville, FL 32209) in other cases in which he has made recent filings. *See Bell v. Gray*, No. 20-CV-01588-JPC-SLC

Plaintiff asserts in the complaint the legal conclusion that he is a "citizen of Georgia" (ECF 2 at 1, ¶ 3), but he does not allege any facts about where he is domiciled. The fact that Plaintiff has a mailing address in care of someone who resides in Georgia is insufficient to show that Plaintiff himself is a citizen of Georgia.[6]

Plaintiff also does not allege facts adequate to establish the citizenship of Defendant Westmont Lincoln, LLC. A limited liability company is deemed to be a citizen of each state of which its members are citizens. *See Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Plaintiff alleges that Westmont Lincoln, LLC, is "organized under the laws of the State of Illinois with its principal place of business within the State of Illinois." (ECF 2 at 2, ¶ 7.) He does not, however, plead facts that establish the identity of each member of the limited liability company or each member's citizenship. Without this information, the Court cannot determine the citizenship of Defendant Westmont Lincoln, LLC.

Plaintiff thus has not met his burden of demonstrating that the Court has subject matter jurisdiction of this action.

---

(S.D.N.Y.) (notice of appeal filed October 30, 2022); *Bell v. Koss*, No. 1:17-CV-07762-AT-VF (S.D.N.Y.) (plaintiff continues to use Florida mailing address in December 2022).

[6] Bell's characterization of his own citizenship was disputed in another suit, in which he alleged that he was a citizen of New York. *See, e.g., Bell v. Gordon*, No. 05-CV-2163 (NRB), 2005 WL 2087822, at *2–3 (S.D.N.Y. Aug. 30, 2005) ("Bell is a resident of Florida, and has no residence other than Florida. Bell owns no real property in New York, nor is there any evidence in the record that he, or his family, maintains any residence in New York. Bell's current connections to New York are limited to the maintenance of some of his personal effects in storage there, the maintenance of a bank account in New York, his registration to vote in New York, and his stated intention to "return to live in New York, New York full time." Pl.'s Opp. at ¶ 2. In contrast to Bell's stated domicile [of New York], the objective facts establish that Bell is domiciled in Florida.").

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to plead additional facts that would establish diversity of citizenship, or may be able to drop any non-diverse defendant who is not indispensable, the Court grants Plaintiff 30 days' leave to amend his complaint to replead his allegations of subject matter jurisdiction.

Plaintiff's amended complaint will completely replace, not supplement, the original complaint. Any facts or claims that Plaintiff wants to include from the original complaint must therefore be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-10888 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for lack of subject matter jurisdiction.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    February 22, 2023
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


-against-


_____

_____

_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                    Middle Initial          Last Name

_____
Street Address

_____
County, City                           State                  Zip Code

_____        _____
Telephone Number                     Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 2: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 3: _____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                              State                    Zip Code

Defendant 4:
_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                          State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.