UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENZER BELL,<br><br>                    Plaintiff,<br><br>          -against-<br><br>MARC F. IOZZO; OGDEN LINCOLN, INC.;<br>WESTMONT LINCOLN, LLC,<br><br>                    Defendants. | 22-CV-10888 (LTS)<br><br>ORDER TO SHOW CAUSE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*, invoking the Court's diversity jurisdiction, 28 U.S.C.

§ 1332. By order dated December 27, 2022, the Court granted Plaintiff's request to proceed *in

forma pauperis* (IFP). Plaintiff has filed numerous similar actions, alleging that different

defendants have reneged on agreements to purchase high-end automobiles. One recent action

was dismissed on the ground that Plaintiff had submitted inaccurate information in his IFP

Application, and his allegation of poverty was untrue.[1] For the reasons set forth below, the Court

directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this

order, why the order granting his IFP Application should not be revoked.

---

[1] In his other suits, the district courts have considered whether the liquidated damages
provision in the contract at issue was an unenforceable penalty and, if so, whether Plaintiff was
unable to satisfy the amount-in-controversy requirement for diversity jurisdiction. *Compare Bell
v. Pham*, No. 09-CV-1699 (PAC) (RLE), 2012 WL 13822 (S.D.N.Y. Jan. 4, 2012) (the alleged
lost profits of $7,580 "bears no reasonable relationship to the liquidated damages figure of
$88,380," and "Bell fails to satisfy the requirements for diversity jurisdiction"), *with Bell v.
Ramirez*, No. 13-CV-7916 (PKC), 2014 WL 7178344, at *3 (S.D.N.Y. Dec. 9, 2014) (whether a
"damages clause is in fact an unenforceable penalty is an affirmative defense" and "affirmative
'defenses asserted on the merits' may not be used to whittle down the amount in controversy.")
(citation omitted). *See also Bell v. Ebdat*, No. 08-CV-8965 (RJS) (S.D.N.Y. June 17, 2009)
(declining to include $88,380 liquidated damages provision in default judgment; it constituted an
unenforceable penalty because it was "grossly disproportionate to the probable loss anticipated
when the contract," under which Plaintiff stood to earn $1,580, was executed).

**DISCUSSION**

The IFP statute provides that the court shall "dismiss the case at any time if [it]

determines that . . . the [Plaintiff's] allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

The Second Circuit has explained that a plaintiff's "misrepresentation of his or her financial

assets might not necessarily rise to the level of an untrue allegation of poverty requiring

dismissal . . . ." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012).

Dismissal is not required "for inaccuracies, misstatements, or minor misrepresentations made in

good faith." *Id.*; *see also Waters v. King*, No. 11-CV-3267 (JMF), 2012 WL 1889144, at *2

(S.D.N.Y. May 24, 2012) ("Not every inaccuracy in an affidavit of poverty, no matter how

minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma*

*pauperis* eligibility and dismissal of the complaint.").

By contrast, "[d]ismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff

conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma*

*pauperis* status." *Vann*, 496 F. App'x at 115 (quoting *Cuoco v. U.S. Bureau of Prisons*, 328 F.

Supp. 2d 463, 467-68 (S.D.N.Y. 2004)). Bad faith, in this context, has been defined to include

"deliberate concealment of income in order to gain access to a court without prepayment of filing

fees." *Id.* In determining "whether a plaintiff has acted in bad faith, a court may consider a

plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Cuoco*, 328 F.

Supp. 2d at 468-69 (dismissing with prejudice plaintiff's complaint where she had received two

settlements totaling $13,500 — which the plaintiff directed to be sent to her mother and not to

her prison account — but did not report those settlements on her IFP Application despite having

extensive litigation experience).

Here, Plaintiff has brought approximately two dozen actions during the past decade, most

of which were under the IFP statute. In *Bell v. Gray*, No. 20-CV-1588 (JPC) (S.D.N.Y. Oct. 3,

2022) (ECF 89), Judge Cronan recently revoked Plaintiff's IFP status and dismissed his

complaint after concluding that Bell's "allegation of poverty is untrue." Question 5 on the IFP

Application form asks about ownership of real estate, even if the property is held in another's

name:

> **Do you own any** automobile, **real estate**, stock, bond, security, trust, jewelry, art
> work, or other financial instrument or thing of value, **including** any item of value
> held **in someone else's name? If so, describe the property and its approximate
> value.**

*Bell*, No. 20-CV-1588 (ECF 1 at 2) (emphasis added). By order dated October 3, 2022, Judge

Cronan noted that Defendants in that action had produced Florida public property assessment

records "confirming that Bell is the trustee of two trusts that hold properties in Jacksonville,

Florida." *Bell*, No. 20-CV-1588 (ECF 89 at 7-8.) Plaintiff had "disclosed that he was responsible

for paying monthly property taxes" (ECF 1 ¶ 6), but he had not disclosed his ownership of the

real estate. (ECF 89 at 8.) According to the documents that Judge Cronan reviewed, the two

single family homes in Florida that Plaintiff did not disclose in his IFP Application were valued

in property tax records at $151,046, and $43,095. (*Id.*)

Judge Cronan concluded that the property tax records "contradict[ed] Bell's statement

in his IFP Application that he did not own any real estate, trust, or anything of value, including

any item of value held in someone else's name. IFP Application ¶ 5." *Id.* (ECF 89 at 9.)

Moreover, Plaintiff did "not attempt to explain these matters, aside from a conclusory denial of

having information and belief that he owned real property when he sought *in forma pauperis*

status." (*Id.*) The district court further noted that Plaintiff was a "serial litigant who is intimately

familiar with our judicial system" and had "faced several dismissals and sanctions for improper

conduct in the course of litigation." (*Id.* at 10.) The district court concluded that, although

Plaintiff's misrepresentations of his financial status and extensive familiarity with federal court

litigation fairly suggested bad faith, the existing record was insufficient to justify a factual finding concerning Bell's subjective intentions in submitting his IFP Application and therefore exercised its discretion to dismiss the action without prejudice.

Plaintiff commenced this new action, filing a complaint and IFP Application, on December 26, 2022, two months after Judge Cronan's October 2022 order revoking Plaintiff's IFP Application and dismissing that action without prejudice. In this new suit, in response to question 5 on the IFP Application, which asks about ownership of real estate or any other thing of value, even if held in the name of another, Plaintiff omits any mention of the real estate assets discussed in Judge Cronan's October 2022 order. Instead, in Plaintiff's response to question 5, he writes, "Yes, I have judgments and accounts receivable." (ECF 1 at ¶ 5.) Plaintiff does indicate, as he did in the case before Judge Cronan, that he pays real property taxes (ECF 1 at ¶ 6) and it therefore appears that he continues to own these assets. Moreover, Plaintiff alleges in his amended complaint that he is "informed and believes," that he is a resident of Georgia (ECF 7 at ¶ 4), and thus neither of the properties appears to be the home where Plaintiff lives.

The Court draws two conclusions from this information. First, it appears that Plaintiff's allegation of poverty is untrue and that he has misstated his assets. Second, Plaintiff's omission of his real estate holdings, shortly after Judge Cronan's order specifically discussed his apparent bad faith in omitting this information, appears to justify a factual finding that Plaintiff's subjective intention in submitting this misleading and incomplete IFP Application was in bad faith.

The Court therefore directs Plaintiff to show cause, by filing a written declaration within thirty days of the date of this order, why the Court should not revoke his IFP Application on the ground that his allegation of poverty is untrue and that he has misstated his assets. If Plaintiff

does not respond, or if his response does not show any reason why the Court should not make these findings, Plaintiff's IFP status will be revoked.[2]

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within thirty days of the date of this order, why the Court should not revoke his IFP status. Plaintiff's response to this order must be submitted to the Court's Pro Se Intake Unit, and the document should bear the docket number 22-CV-10888 (LTS). A declaration form for Plaintiff to use is attached to this order.

If Plaintiff does not respond, or if his response does not show any reason why the Court should not make these findings, Plaintiff's IFP status will be revoked. A summons shall not issue from this Court at this time.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 12, 2023
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge

---

[2] The Court recognizes that Plaintiff's claims appear to have been filed at or near expiration of the limitations period, and that a dismissal of this action may preclude him from refiling even if the action is dismissed without prejudice. Depending on Plaintiff's response to this order, the Court will also consider whether to permit Plaintiff to proceed upon prepayment of the filing fee.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 6/30/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                              Signature

Name                                            Prison Identification # (if incarcerated)

Address                    City              State      Zip Code

Telephone Number (if available)                 E-mail Address (if available)