UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

                                    Plaintiff,

                    -against-

MARC F. IOZZO; OGDEN LINCOLN, INC.;
WESTMONT LINCOLN, LLC,

                                    Defendants.

22-CV-10888 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated July 17, 2023, the Court revoked Plaintiff's *in forma pauperis* (IFP)

application and granted him 30 days' leave to pay the filing fees for this action. On August 6,

2023, Plaintiff moved to vacate that order or, in the alternative, to enlarge the time to respond.

(ECF 10.) The Court liberally construes this submission as a motion, under Rule 60(b) of the

Federal Rules of Civil Procedure, for relief from an order.

For the reasons set forth below, the Court grants Plaintiff's Rule 60(b) motion to vacate

the July 17, 2023 order revoking his IFP status. The Court directs Plaintiff to file, within 30 days,

his response to the order to show cause why his IFP application should not be revoked.

## BACKGROUND

Plaintiff Renzer Bell filed this action *pro se* and was granted leave to proceed IFP. In his

initial complaint, Plaintiff invoked the Court's diversity jurisdiction, 28 U.S.C. § 1332, but he

failed to plead facts sufficient to satisfy his burden of showing diversity of citizenship. By order

dated February 23, 2023, the Court granted Plaintiff leave to file an amended complaint, which

he did on April 18, 2023 (ECF 7).[1]

---

[1] Plaintiff alleges that, pursuant to a contract, Defendants were required to pay him
$1080.00 for facilitating the sale of an automobile, and they were further required, if the contract

Meanwhile, the Court became aware that, before Plaintiff filed this action, Judge Cronan had revoked Plaintiff's IFP status in *Bell v. Gray*, No. 20-CV-1588 (JPC) (S.D.N.Y. Oct. 3, 2022) (ECF 89), and dismissed that action on the ground that Plaintiff's allegation of poverty was untrue.[2] The IFP application that Plaintiff submitted in this action appeared to misrepresent Plaintiff's assets in the same way as his IFP application in *Gray,* No. 20-CV-1588. Moreover, this IFP application was submitted in December 2022, a few months after Judge Cronan revoked Plaintiff's IFP status in October 2022. Because it therefore appeared that Plaintiff was acting in bad faith in submitting this IFP application, on June 12, 2023, the Court ordered Plaintiff to show cause why his IFP status should not be revoked.

Plaintiff did not respond to that order, and on July 17, 2023, the Court revoked Plaintiff's IFP application and granted him 30 days' leave to pay the $402.00 filing fee. On August 6, 2023, Plaintiff submitted a letter stating that he had not received the Court's orders and that he has "meritorious defenses." (ECF 10 at 3, ¶¶ 5, 12.) The orders were not returned to the Court as undeliverable, and Plaintiff does not provide a new or different address. He also has not consented to electronic service.[3]

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

---

was breached, to pay him $75,000.00 in liquidated damages. (ECF 7 at 3-4.)

[2] Judge Cronan concluded in *Gray,* No. 20-CV-1588, that although the circumstances fairly suggested bad faith, the existing record was insufficient to justify a factual finding concerning Bell's subjective intentions in submitting his IFP application. Judge Cronan therefore exercised his discretion to dismiss that action without prejudice.

[3] In this action, Plaintiff provides an address in Georgia, and in his other pending action, he lists his address in Florida, *Bell v. Koss*, No. 1:17-CV-07762 (S.D.N.Y.) (motion for default judgment pending).

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff seeks relief from the Court's order based on excusable neglect, arguing that he did not respond because he had not received the order to show cause. The Court notes that it is Plaintiff's obligation to provide a current address, and he also has the option of consenting to receive electronic service. The Court nevertheless (1) grants Plaintiff's motion (ECF 10) and vacates the July 17, 2023 order revoking his IFP status (ECF 9); and (2) directs Plaintiff, within 30 days, to respond to the June 12, 2023 order to show cause.[4] Plaintiff must also provide his current address.

If Plaintiff does not respond to the order to show cause, or if his response is insufficient, the action will be dismissed on the ground that Plaintiff misrepresented his assets in bad faith.

---

[4] The Court's order revoking Plaintiff's IFP status granted him leave to pay the filing fees. The Court now clarifies that when "a district court finds that a prisoner's 'allegation of poverty is untrue,' . . . then the court is required under the PLRA to dismiss the action." *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 114 (2d Cir. 2012). The IFP statute provides that "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(a). Although dismissal is not required for inaccuracies, misstatements, or minor misrepresentations made in good faith, the Second Circuit has recognized that the "1996 amendment to the IFP statute reinforced the mandatory nature of the requirement of dismissal for false allegations of poverty. *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (comparing 28 U.S.C. § 1915(e) ("shall dismiss"), with former statute 28 U.S.C. § 1915(d) ("may dismiss")).

**CONCLUSION**

Plaintiff's motion for reconsideration (ECF 10) is granted and the July 17, 2023 order revoking IFP status (ECF 9) is vacated. The Court directs Plaintiff, within 30 days, to respond to the June 12, 2023 order to show cause why his IFP status should not be revoked and to provide his current address.

A copy of the June 12, 2023 order to show cause (ECF 8), and a consent to electronic service form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.
     New York, New York
Dated:   August 11, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENZER BELL,<br><br>                    Plaintiff,<br><br>          -against-<br><br>MARC F. IOZZO; OGDEN LINCOLN, INC.;<br>WESTMONT LINCOLN, LLC,<br><br>                    Defendants. | 22-CV-10888 (LTS)<br><br>ORDER TO SHOW CAUSE |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*, invoking the Court's diversity jurisdiction, 28 U.S.C.

§ 1332. By order dated December 27, 2022, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* (IFP). Plaintiff has filed numerous similar actions, alleging that different

defendants have reneged on agreements to purchase high-end automobiles. One recent action

was dismissed on the ground that Plaintiff had submitted inaccurate information in his IFP

Application, and his allegation of poverty was untrue.[1] For the reasons set forth below, the Court

directs Plaintiff to show cause, by filing a written declaration within 30 days of the date of this

order, why the order granting his IFP Application should not be revoked.

---

[1] In his other suits, the district courts have considered whether the liquidated damages provision in the contract at issue was an unenforceable penalty and, if so, whether Plaintiff was unable to satisfy the amount-in-controversy requirement for diversity jurisdiction. *Compare Bell v. Pham*, No. 09-CV-1699 (PAC) (RLE), 2012 WL 13822 (S.D.N.Y. Jan. 4, 2012) (the alleged lost profits of $7,580 "bears no reasonable relationship to the liquidated damages figure of $88,380," and "Bell fails to satisfy the requirements for diversity jurisdiction"), *with Bell v. Ramirez*, No. 13-CV-7916 (PKC), 2014 WL 7178344, at *3 (S.D.N.Y. Dec. 9, 2014) (whether a "damages clause is in fact an unenforceable penalty is an affirmative defense" and "affirmative 'defenses asserted on the merits' may not be used to whittle down the amount in controversy.") (citation omitted). *See also Bell v. Ebdat*, No. 08-CV-8965 (RJS) (S.D.N.Y. June 17, 2009) (declining to include $88,380 liquidated damages provision in default judgment; it constituted an unenforceable penalty because it was "grossly disproportionate to the probable loss anticipated when the contract," under which Plaintiff stood to earn $1,580, was executed).

**DISCUSSION**

The IFP statute provides that the court shall "dismiss the case at any time if [it] determines that . . . the [Plaintiff's] allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The Second Circuit has explained that a plaintiff's "misrepresentation of his or her financial assets might not necessarily rise to the level of an untrue allegation of poverty requiring dismissal . . . ." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012). Dismissal is not required "for inaccuracies, misstatements, or minor misrepresentations made in good faith." *Id.*; *see also Waters v. King*, No. 11-CV-3267 (JMF), 2012 WL 1889144, at *2 (S.D.N.Y. May 24, 2012) ("Not every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma pauperis* eligibility and dismissal of the complaint.").

By contrast, "[d]ismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma pauperis* status." *Vann*, 496 F. App'x at 115 (quoting *Cuoco v. U.S. Bureau of Prisons*, 328 F. Supp. 2d 463, 467-68 (S.D.N.Y. 2004)). Bad faith, in this context, has been defined to include "deliberate concealment of income in order to gain access to a court without prepayment of filing fees." *Id.* In determining "whether a plaintiff has acted in bad faith, a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Cuoco*, 328 F. Supp. 2d at 468-69 (dismissing with prejudice plaintiff's complaint where she had received two settlements totaling $13,500 — which the plaintiff directed to be sent to her mother and not to her prison account — but did not report those settlements on her IFP Application despite having extensive litigation experience).

Here, Plaintiff has brought approximately two dozen actions during the past decade, most of which were under the IFP statute. In *Bell v. Gray*, No. 20-CV-1588 (JPC) (S.D.N.Y. Oct. 3,

2022) (ECF 89), Judge Cronan recently revoked Plaintiff's IFP status and dismissed his complaint after concluding that Bell's "allegation of poverty is untrue." Question 5 on the IFP Application form asks about ownership of real estate, even if the property is held in another's name:

> **Do you own any** automobile, **real estate**, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, **including** any item of value held **in someone else's name? If so, describe the property and its approximate value.**

*Bell*, No. 20-CV-1588 (ECF 1 at 2) (emphasis added). By order dated October 3, 2022, Judge Cronan noted that Defendants in that action had produced Florida public property assessment records "confirming that Bell is the trustee of two trusts that hold properties in Jacksonville, Florida." *Bell*, No. 20-CV-1588 (ECF 89 at 7-8.) Plaintiff had "disclosed that he was responsible for paying monthly property taxes" (ECF 1 ¶ 6), but he had not disclosed his ownership of the real estate. (ECF 89 at 8.) According to the documents that Judge Cronan reviewed, the two single family homes in Florida that Plaintiff did not disclose in his IFP Application were valued in property tax records at $151,046, and $43,095. (*Id.*)

Judge Cronan concluded that the property tax records "contradict[ed] Bell's statement in his IFP Application that he did not own any real estate, trust, or anything of value, including any item of value held in someone else's name. IFP Application ¶ 5." *Id.* (ECF 89 at 9.) Moreover, Plaintiff did "not attempt to explain these matters, aside from a conclusory denial of having information and belief that he owned real property when he sought *in forma pauperis* status." (*Id.*) The district court further noted that Plaintiff was a "serial litigant who is intimately familiar with our judicial system" and had "faced several dismissals and sanctions for improper conduct in the course of litigation." (*Id.* at 10.) The district court concluded that, although Plaintiff's misrepresentations of his financial status and extensive familiarity with federal court

litigation fairly suggested bad faith, the existing record was insufficient to justify a factual finding concerning Bell's subjective intentions in submitting his IFP Application and therefore exercised its discretion to dismiss the action without prejudice.

Plaintiff commenced this new action, filing a complaint and IFP Application, on December 26, 2022, two months after Judge Cronan's October 2022 order revoking Plaintiff's IFP Application and dismissing that action without prejudice. In this new suit, in response to question 5 on the IFP Application, which asks about ownership of real estate or any other thing of value, even if held in the name of another, Plaintiff omits any mention of the real estate assets discussed in Judge Cronan's October 2022 order. Instead, in Plaintiff's response to question 5, he writes, "Yes, I have judgments and accounts receivable." (ECF 1 at ¶ 5.) Plaintiff does indicate, as he did in the case before Judge Cronan, that he pays real property taxes (ECF 1 at ¶ 6) and it therefore appears that he continues to own these assets. Moreover, Plaintiff alleges in his amended complaint that he is "informed and believes," that he is a resident of Georgia (ECF 7 at ¶ 4), and thus neither of the properties appears to be the home where Plaintiff lives.

The Court draws two conclusions from this information. First, it appears that Plaintiff's allegation of poverty is untrue and that he has misstated his assets. Second, Plaintiff's omission of his real estate holdings, shortly after Judge Cronan's order specifically discussed his apparent bad faith in omitting this information, appears to justify a factual finding that Plaintiff's subjective intention in submitting this misleading and incomplete IFP Application was in bad faith.

The Court therefore directs Plaintiff to show cause, by filing a written declaration within thirty days of the date of this order, why the Court should not revoke his IFP Application on the ground that his allegation of poverty is untrue and that he has misstated his assets. If Plaintiff

does not respond, or if his response does not show any reason why the Court should not make these findings, Plaintiff's IFP status will be revoked.[2]

## CONCLUSION

The Court directs Plaintiff to show cause, by filing a written declaration within thirty days of the date of this order, why the Court should not revoke his IFP status. Plaintiff's response to this order must be submitted to the Court's Pro Se Intake Unit, and the document should bear the docket number 22-CV-10888 (LTS). A declaration form for Plaintiff to use is attached to this order.

If Plaintiff does not respond, or if his response does not show any reason why the Court should not make these findings, Plaintiff's IFP status will be revoked. A summons shall not issue from this Court at this time.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 12, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] The Court recognizes that Plaintiff's claims appear to have been filed at or near expiration of the limitations period, and that a dismissal of this action may preclude him from refiling even if the action is dismissed without prejudice. Depending on Plaintiff's response to this order, the Court will also consider whether to permit Plaintiff to proceed upon prepayment of the filing fee.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Fill in above the full name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Fill in above the full name of each defendant or
respondent.

## DECLARATION

_____

_____

    Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

    In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____
Executed on (date)                              Signature

_____                   _____
Name                                        Prison Identification # (if incarcerated)

_____                   _____
Address                          City              State       Zip Code

_____                   _____
Telephone Number (if available)             E-mail Address (if available)

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address                    City                    State                    Zip Code


_____
Telephone Number                    E-mail Address


_____
Date                    Signature



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

**IMPORTANT NOTICE**

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

**PRO SE INTAKE WINDOW LOCATIONS:**
40 FOLEY SQUARE | NEW YORK, NY 10007
300 QUARROPAS STREET | WHITE PLAINS, NY 10601

**MAILING ADDRESS:**
500 PEARL STREET | NEW YORK, NY 10007
PRO SE INTAKE UNIT: 212-805-0136