UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENZER BELL,

                Plaintiff,

      -against-

MARC F. IOZZO; OGDEN LINCOLN, INC.;
WESTMONT LINCOLN, LLC,

             Defendants.

22-CV-10888 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332. He alleges in the amended complaint that Defendants breached an agreement, which appears to provide that Plaintiff was to be paid consideration of $1,080, but that Defendants would owe damages of $75,980, for breaching the agreement. (ECF 7-1 at 3.) Plaintiff has filed numerous similar actions, and in *Bell v. Gray*, No. 20-CV-1588 (JPC) (S.D.N.Y. Oct. 3, 2022) (ECF 89), District Judge Cronan recently revoked Plaintiff's *in forma pauperis* (IFP) status and dismissed his complaint after concluding that his allegation of poverty was untrue.

In this action, the Court initially granted Plaintiff's request to proceed IFP but, by order dated June 12, 2023, directed him to show cause why IFP status should not be revoked on the ground that he had misrepresented his assets in bad faith. Plaintiff submitted an affirmation and supplemental affirmation in response. (ECF 12, 13.) For the reasons set forth below, the Court revokes the order granting Plaintiff's request to proceed IFP and dismisses this action.

Case 1:22-cv-10888-LTS   Document 14   Filed 10/16/23   Page 2 of 7

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The IFP Application form, at question 5, asks for information about a plaintiff's ownership of real estate, even if the property is held in the name of another:

> **Do you own any** automobile, **real estate**, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value **held in someone else's name? If so, describe the property and its approximate value.**

 (ECF 1 at 2) (emphasis added). Plaintiff commenced this action, filing a complaint and IFP Application, on December 26, 2022. (ECF 1-2.) In response to this question on the IFP application, Plaintiff does not mention that he has any interest in any real property. Instead, he writes, "Yes, I have judgments, and accounts receivable." (ECF 1 at ¶ 5.)[1]

---

[1]Plaintiff listed real property taxes among his liabilities (ECF 1 at ¶ 6).

Just two months before Plaintiff filed this IFP application, by order dated October 3, 2022, in *Gray*, No. 20-CV-1588 (JPC), Judge Cronan revoked Plaintiff's IFP status and dismissed his suit. Judge Cronan noted that Defendants had produced property assessment records "confirming that Bell is the trustee of two trusts that hold properties in Jacksonville, Florida." *Id*. (ECF 89 at 7-8.) In that action, Plaintiff had disclosed as a liability "that he was responsible for paying monthly property taxes" *Id*.  (ECF 1 ¶ 6), but he had not disclosed his ownership of the real estate, *id.* (ECF 89 at 8).

According to the documents that Judge Cronan reviewed, the two single family homes in Florida that were omitted from Plaintiff's IFP Application were valued in property tax records at $151,046, and $43,095. (*Id.*) Judge Cronan concluded that the records "contradict[ed] Bell's statement in his IFP Application that he did not own any real estate, trust, or anything of value, including any item of value held in someone else's name. IFP Application ¶ 5." *Id*. (ECF 89 at 9.) Moreover, in that action, Plaintiff did "not attempt to explain these matters, aside from a conclusory denial of having information and belief that he owned real property when he sought *in forma pauperis* status." (*Id.*) Judge Cronan reasoned that, although Plaintiff's misrepresentations of his financial status and extensive familiarity with federal court litigation "fairly suggested bad faith," the existing record was insufficient to justify a factual finding concerning Bell's subjective intentions in submitting his IFP Application; Judge Cronan therefore exercised his discretion to dismiss the action without prejudice.[2]

Because the IFP Application submitted here appeared to make the same omission that Judge Cronan had identified just two months earlier, the Court directed Plaintiff, by order dated

---

[2] Judge Cronan wrote that Plaintiff was a "serial litigant who is intimately familiar with our judicial system" and had "faced several dismissals and sanctions for improper conduct in the course of litigation." *Gray*, No. 20-CV-1588 (ECF 89 at 10.)

June 12, 2023, to show cause why the action should not be dismissed on the ground that he had

misrepresented his assets to avoid prepayment of fees. In his responses, Plaintiff argues: (1) that

the deeds reflect that the properties are owned in the name of trusts, and that he "does not appear

as the legal owner"; (2) that the properties generate no revenue and require significant capital

improvements; (3) that he paid significant delinquent taxes for the properties "prior to the August

16, 2023 auction deadline"; (4) that it violates his due process rights to "pierce the veil of the

respective trusts" and declare Plaintiff the legal owner of the properties; (5) that he has

"overwhelmingly paid the filing fees" for his recent cases "with the exception of" two or three

cases; (6) that, in *Bell v. Koss*, No. 17-CV-7762 (AT) (VF) (S.D.N.Y.), the Court has improperly

delayed awarding him a default judgment; (7) that his cases are being handled "disrespectfully"

because he is "an African-American . . . who sometimes elects to bring suit against white men";

and (8) that his "personal balance sheet" supports Plaintiff's right to proceed IFP at this time.

(ECF 12, 13.) [3]

Plaintiff attaches to the complaint copies of documents titled, "Personal Representative's

Deed," which appear to reflect that Plaintiff, as representative of the estate of Edna Bell, grants

the real property at issue to "the Hartley Grant Trust, Renzer Bell, as Trustee," and to "the

Alexander Scott Trust, Renzer Bell as Trustee." (ECF 12 at 6, 9.)

### DISCUSSION

The IFP statute provides that the court shall "dismiss the case at any time if [it]

determines that . . . the [Plaintiff's] allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

The Second Circuit has explained that a plaintiff's "misrepresentation of his or her financial

---

[3] Plaintiff alleges in his amended complaint that he is "informed and believes," that he is a resident of Georgia (ECF 7 at ¶ 4), and thus neither of the Florida properties appears to have been the Plaintiff's primary residence when he filed this suit.

assets might not necessarily rise to the level of an untrue allegation of poverty requiring

dismissal . . . ." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012).

Dismissal is not required "for inaccuracies, misstatements, or minor misrepresentations made in

good faith." *Id.*; *see also Waters v. King*, No. 11-CV-3267 (JMF), 2012 WL 1889144, at \*2

(S.D.N.Y. May 24, 2012) ("Not every inaccuracy in an affidavit of poverty, no matter how

minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma*

*pauperis* eligibility and dismissal of the complaint.").

      By contrast, "[d]ismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff

conceals or misrepresents his or her financial assets or history in bad faith to obtain *in forma*

*pauperis* status." *Vann*, 496 F. App'x at 115 (quoting *Cuoco v. U.S. Bureau of Prisons*, 328 F.

Supp. 2d 463, 467-68 (S.D.N.Y. 2004)). Bad faith, in this context, has been defined to include

"deliberate concealment of income in order to gain access to a court without prepayment of filing

fees." *Id.* In determining "whether a plaintiff has acted in bad faith, a court may consider a

plaintiff's familiarity with the *in forma pauperis* system and history of litigation." *Cuoco*, 328 F.

Supp. 2d at 468-69 (dismissing with prejudice plaintiff's complaint where she had received two

settlements totaling $13,500 — which the plaintiff directed to be sent to her mother and not to

her prison account — but did not report those settlements on her IFP application despite having

extensive litigation experience).

      Here, Plaintiff is an experienced litigant who has brought more than 20 actions in this

Court, and many more around the country. He filed this IFP Application omitting his real

property assets a mere two months after his similar failure to do so in *Gray*, No. 20-CV-1588,

was thoroughly litigated and deemed to be a misrepresentation of his assets. Judge Cronan

ultimately dismissed that suit without prejudice, because he had insufficient information in the

case before him to conclude that Plaintiff had intentionally acted in bad faith. Here, however,

Plaintiff was on notice before he filed this IFP Application that question 5 of the IFP Application

required him to disclose whether he had a legal interest in any real property, even if title to the

property was not in his own name. Plaintiff nevertheless omitted this information. In light of

Plaintiff's experience as a litigant, and his recent litigation of this issue, Plaintiff appears to have

intentionally concealed this information. The Court therefore concludes that Plaintiff deliberately

misrepresented his assets in order to gain access to the court without prepayment of filing fees.[4]

When "a district court finds that a prisoner's 'allegation of poverty is untrue,' . . . then the

court is required under the PLRA to dismiss the action." *Vann*, 496 F. App'x at 114; *Cuoco*, 328 F.

Supp. 2d at 467 (comparing 28 U.S.C. § 1915(e) ("shall dismiss"), with former statute 28 U.S.C.

§ 1915(d) ("may dismiss"), and noting that the "1996 amendment to the IFP statute reinforced the

mandatory nature of the requirement of dismissal for false allegations of poverty"). Because the

Court concludes that Plaintiff, after having been put on notice of the issue, deliberately

misrepresented his assets in his IFP Application, the Court dismisses this action pursuant to 28

U.S.C. § 1915(e)(2)(A).

## CONCLUSION

The Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(A).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See*

---

[4] Plaintiff's arguments about whether, at present, he is indigent as a result of paying tax liens in summer 2023 are separate from the issue of whether he misrepresented his assets at the time of his original application to proceed IFP. Plaintiff's argument that the district court delayed resolution of his suit in *Koss*, No. 17-CV-7762 (AT) (VF), also have no bearing on whether Plaintiff deliberately concealed assets when he sought IFP status in this action. Finally, the Court notes that Plaintiff's assertion that his race played a role in the resolution of this or his other cases is wholly unsupported.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter

judgment in this matter.

SO ORDERED.

Dated:    October 16, 2023
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
